IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARCENAUX, | 1:10-cv-00355-AWI-MJS (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| ARNOLD SCHWARZNEGGER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 3, 2010, the Court issued New Case Documents and attempted to serve them on Plaintiff by mailing them to the address provided by Plaintiff in his Complaint.  On March 9, 2010, the documents were returned by the U.S. Postal Service with the notation that they were undeliverable because Plaintiff was "No Longer at DCCF."

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Plaintiff's mail was returned and he has failed to notify the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v.

1  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
2  Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest
3  in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance
4  indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of
5  prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from
6  the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
7  524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their
8  merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given
9  the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court
10 apprised of his current address, no lesser sanction is feasible.

## **RECOMMENDATION**

12         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
13 Plaintiff's failure to prosecute.

14         These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
16 after being served with these findings and recommendations, any party may file written objections
17 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served
19 and filed within ten days after service of the objections.  The parties are advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.

25 Dated:   June 16, 2010                        /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE