1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

| | |
|---|---|
| JOHN ARCENAUX, | CASE NO.    1:10-cv-355-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THE INSTANT ACTION BE |
| v. | DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
| ARNOLD SCHWARNEGGER, et al., | |
| Defendants. | OBJECTIONS DUE BY **February 15, 2011** |
| _____/ | |

15    Plaintiff John Arcenaux ("Plaintiff") is a state prisoner proceeding pro se and in

16    forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 14,

17    2010, the Court mailed Plaintiff a consent form and directed that he was to complete and

18    return it within thirty days.  (ECF No. 10.)  On October 26, 2010, the Court's consent form

19    was returned as undeliverable.

20    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required

21    to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b)

22    provides, in pertinent part:

23          If mail directed to a plaintiff in propria persona by the Clerk is
          returned by the U.S. Postal Service, and if such plaintiff fails to
24          notify the Court and opposing parties within sixty (60) days
          thereafter of a current address, the Court may dismiss the
25          action without prejudice for failure to prosecute.

26    In the instant case, more than sixty days have passed since Plaintiff's mail was returned

27    and Plaintiff has not notified the Court of a new address.

28    In determining whether to dismiss an action for lack of prosecution, the Court must

consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).   The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants in allowing this case to linger greatly outweigh the policy favoring disposition of cases on the merits.  Given the Court's inability to communicate with Plaintiff, dismissal is the only appropriate sanction.

Accordingly, the undersigned hereby RECOMMENDS that the instant action be dismissed without prejudice for failure to prosecute and/or obey a Court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 14, 2011          ____/s/  Michael J. Seng____
                                    UNITED STATES MAGISTRATE JUDGE